SISK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-176-CR

STEVEN RILEY SISK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Steven Riley Sisk appeals from the trial court’s order denying  forensic DNA testing. We affirm.

Factual and Procedural Background

On October 27, 1994, Appellant was convicted of capital murder and sentenced to confinement for life.  This court affirmed Appellant’s conviction on July 3, 1996.
(footnote: 2)  Appellant filed a motion for post-conviction forensic DNA testing on February 28, 2003.  The State did not file a response, and it does not appear that the trial court held a hearing on Appellant’s motion for forensic DNA testing.  The trial court denied the motion, and the order included the following language:

[Defendant’s] pleadings merely show that DNA testing would reveal an absence of DNA evidence linking [defendant] to offense.  This is insufficient to require testing.

In one point, Appellant asserts that the trial court improperly considered his guilt in denying the DNA testing request.  In his argument, Appellant further contends that article 64.03 of the Texas Code of Criminal Procedure specifically provides for DNA testing if the applicant would not have been convicted if exculpatory results had been obtained through forensic DNA testing.  
See
 
Kutzner v. State
, 75 S.W.3d 427, 438-39 (Tex. Crim. App. 2002). 

Standard of Review

 In reviewing a trial court’s decision on a motion for forensic DNA testing,  we employ a bifurcated standard of review.  We afford almost total deference to a trial court’s determination of issues of historical fact and application of law to fact issues that turn on credibility and demeanor while reviewing de novo other applications of law to fact issues.  
See Whitaker v. State
, No. 74612, 2004 WL 63981, at *2-3 (Tex. Crim. App. Jan. 14, 2004); 
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), 
cert. denied
, 124 S. Ct. 27 (2003).

Discussion

There is no indication in the appellate court record that the trial court improperly considered Appellant’s guilt in denying his request for forensic DNA testing.  Chapter 64 of the Texas Code of Criminal Procedure requires that Appellant establish that there exists a reasonable probability that exculpatory forensic DNA testing of the evidence for which he seeks testing would prove his innocence.  
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(2)(A) (Vernon Supp. 2004-05).  It is insufficient to argue that the presence of a defendant’s DNA indicates guilt, and the absence of DNA indicates innocence.  
Rivera, 
89 S.W.3d at 60.

Any absence of evidence containing Appellant’s DNA would not indicate his innocence given the other evidence connecting him to this crime.  First, the police arrested Appellant after a traffic stop where he was a passenger in the victim’s truck.  
Sisk
, No. 02-94-00502-CR, slip op. at 2.  Second, Appellant admitted being present when the victim was killed.  
Id
. at 8.  Finally, a friend of Appellant’s testified that Appellant told her that “he was afraid they were going to be arrested for killing that man for that truck.”  
Id
. at 7.  We hold the trial court properly denied Appellant’s request for post-conviction forensic DNA testing because he failed to show how testing the requested items would exculpate him as required by chapter 64 of the Texas Code of Criminal Procedure.  
See 
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(2)(A).

In addition to lack of exculpation, the trial court could have denied Appellant’s request for forensic DNA testing because identity was not and is not an issue.  Appellant admitted being present when the victim was killed and admitted helping drag the victim’s body into the weeds.  
Sisk
, No. 02-94-00502-CR, slip op. at 7-9.  Accordingly, identity was not and is not an issue in this case.  
See Morris v. State
, 110 S.W.3d 100, 103 (Tex. App.—Eastland 2003, pet. ref’d) (trial court properly denied DNA testing as identity not being at issue where the appellant admitted involvement in attack on the victim even though he denied intercourse occurred).

Conclusion

Appellant failed to meet the requirements of article 64.03 to establish that new forensic DNA testing would exculpate him and that his identity was or is at issue.  Therefore, the trial court did not err in denying Appellant’s forensic DNA testing request.  
See id.
  We overrule Appellant’s sole point and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  September 30, 2004 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Sisk v. State,
 No. 02-94-00502-CR (Tex. App.—Fort Worth July 3, 1996, pet. ref’d) (not designated for publication), 
cert. denied
, 520 U.S. 1232 (1997).